FILED
SEP 2 1 2005
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PATRICK HEWITT, | : | CIVIL NO. 1:CV-05-1231 |
| Petitioner, | : | |
| | : | CASE NUMBER 1:05CV01861 |
| v. | : | |
| | : | JUDGE: Richard W. Roberts |
| JOSEPH V. SMITH, | : | DECK TYPE: Habeas Corpus/2255 |
| Respondent | : | |
| | | DATE STAMP: 09/21/2005 |

### ORDER

Patrick Hewitt, an inmate serving a Superior Court for the District of Columbia sentence, confined at the United States Penitentiary at Lewisburg, Lewisburg, Pennsylvania, filed this petition on June 20, 2005, pursuant to 28 U.S.C. § 2241 challenging his July 13, 2001 sentence. (Doc. 1). As an initial matter, while Hewitt files this petition pursuant to 28 U.S.C. § 2241, District of Columbia offenders are considered state prisoners for purposes of the federal habeas corpus statutes. *See Madley v. United States Parole Comm'n*, 278 F.3d 1306, 1309 (D.C. Cir. 2002). As a state prisoner in custody pursuant to the judgment of a state court, Hewitt must rely on section 2254 to bring claims challenging the validity or the execution of his sentence. *See Coady v. Vaughn*, 251 F.3d 480, 486 (3d Cir. 2001). Thus, the petition will be considered a petition brought pursuant to § 2254. Preliminary consideration has been given to the petition and it is concluded that it is appropriate to transfer the matter to the United States District Court for the District of Columbia. *See Rule 4, Rules Governing Section 2254 Cases in the United States District Courts*.[1]

"The federal habeas statute straightforwardly provides that the proper respondent to a habeas petition is 'the person who has custody over [the petitioner]. 28 U.S.C. § 2242; *see also* § 2243. . . . '[T]hese

---

[1] "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

Certified from the record
Date 9/7/05
Mary E. D'Andrea, Clerk
Per [signature]
Deputy Clerk

1

provisions contemplate a proceeding against some person who has the *immediate* custody of the party detained, with the power to produce the body of such party before the court or judge, that he may be liberated if no sufficient reason is shown to the contrary." *Rumsfeld v. Padilla*, 124 S.Ct. 2711, 2717-18 (2004)(emphasis in original)(citations omitted). There is no question that this Court has jurisdiction over Hewitt's petition. However, notwithstanding the issue of jurisdiction, a court may transfer any civil action for the convenience of the parties or witnesses, or in the interests of justice, to any district where the action might have been brought. 28 U.S.C. §1404(a); *See also, Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484 (1973). Because habeas proceedings are generally considered civil in nature, *see Hilton v. Braunskill*, 481 U.S. 770, 776, 107 S.Ct. 2113, 95 L.Ed.2d 724 (1987), the term "civil action" includes habeas petitions. *Parrott v. Government of Virgin Islands*, 230 F.3d 615, 620 (3d Cir. 2000). Title 28 U.S.C. §1391(b) provides that

> A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

Hewitt is challenging a District of Columbia Superior Court conviction, which is in the jurisdiction of the United States District Court for the District of Columbia. All records of conviction, transcripts of proceedings, witnesses, counsel, and conviction records are located within the District of Columbia. Thus, for the convenience of the parties and in the interest of justice, the action will be transferred to the United States District Court for the District of Columbia.

AND NOW, this 7th day of September 2005, **IT IS HEREBY ORDERED THAT:**

1. The Clerk of Court is directed to **TRANSFER** this case to the United States District Court for the District of Columbia;

2. The Clerk of Court is further directed to **CLOSE** this case.

S/ Yvette Kane
Yvette Kane
United States District Judge

3

ADMINO, CLOSED, HABEAS, PROSE, PRSLC, REFER

## U.S. District Court
### Middle District of Pennsylvania (Harrisburg)
### CIVIL DOCKET FOR CASE #: 1:05-cv-01231-YK-EC
### Internal Use Only

Hewitt v. Smith
Assigned to: Honorable Yvette Kane
Referred to: Pro Se Law Clerk EC
Cause: 28:2241 Petition for Writ of Habeas Corpus (federa

Date Filed: 06/20/2005
Jury Demand: None
Nature of Suit: 530 Habeas Corpus (General)
Jurisdiction: Federal Question

**Petitioner**

**Patrick Hewitt**     represented by **Patrick Hewitt**
03734-007
USP Lewisburg
PO Box 1000
Lewisburg, PA 17837
PRO SE

Certified from the record
Date 9/7/05
Mary E. D'Andrea, Clerk
Per [signature]
Deputy Clerk

V.

**Respondent**

**Warden Joseph Smith**

| Date Filed | # | Docket Text |
|---|---|---|
| 06/19/2005 | | CASE REFERRED to Pro Se Law Clerk EC. (prose, ) (Entered: 06/21/2005) |
| 06/20/2005 | 1 | PETITION for Writ of Habeas Corpus , filed by Patrick Hewitt.(aaa) (Entered: 06/20/2005) |
| 06/20/2005 | 2 | PRISONER LETTER ISSUED w/ Notice & Consent Form. (aaa) (Entered: 06/20/2005) |
| 06/21/2005 | | Docket Annotation - Case assigned to Judge Kane/PRSLC. (kc, ) (Entered: 06/21/2005) |
| 06/21/2005 | 3 | ADMINISTRATIVE ORDER directing the prisoner to pay the filing fee or file Application to Proceed IFP within 30 days or case will be dismissed.Signed by Lois A. Fuller on 6/21/05. (prose, ) (Entered: 06/21/2005) |
| 06/24/2005 | 4 | H/C Petiton Filing fee: $ 5.00, receipt number 333 102144, Patrick Hewitt (ga, ) (Entered: 06/24/2005) |
| 07/13/2005 | 5 | Letter from Patrick Hewitt, Re: Filing fee (ga, ) (Entered: 07/13/2005) |

| 09/07/2005 | ⬤6 | ORDER TRANSFERRING CASE IT IS ORDERED THAT: 1) The Clerk of Court is directed to transfer this case to the U.S.D.C. for the District of Columbia. 2) The Clerk of Court is further directed to close this case. Signed by Judge Yvette Kane on 9/7/05. (jc) (Entered: 09/07/2005) |