**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **PATRICK HEWITT,** | : | |
| **Petitioner** | : | **CIVIL ACTION NO. 05-1861 (RWR)** |
| | : | |
| **v.** | : | |
| | : | |
| **JOSEPH SMITH,** | : | |
| **Respondent** | : | |

**UNITED STATES' MOTION TO DISMISS PETITIONER'S PETITION FOR WRIT OF HABEAS CORPUS**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this motion to dismiss the petitioner's pro se petition for a writ of habeas corpus. For the reasons set forth below, the petitioner's petition should be dismissed because the petitioner has an adequate and effective remedy in the District of Columbia Superior Court. In the alternative, the government submits that the petitioner's petition should be characterized as a petition filed under 28 U.S.C. § 2254 since it is clearly an attempt to vacate, set aside, or correct his sentence on the grounds that his indictment was defective for its reference to D.C. Code § 22-3202 and that his counsel rendered constitutionally ineffective assistance of counsel. However, before the Court can construe the petitioner's petition as a petition filed under 28 U.S.C. § 2254, this Court must advise the petitioner of the consequences of the characterization, and allow the petitioner an opportunity to respond.

**BRIEF PROCEDURAL HISTORY**

On January 23, 2001, the petitioner was indicted in a four count indictment, in Superior Court Case No. F 6766-00, charging first degree murder while armed (premeditated), in violation of D.C. Code §§ 22-2401, 3202; possession of a firearm during a crime of violence or dangerous

offense ("PFDCV"), in violation of D.C. Code § 22-3204(b); carrying a pistol without a license ("CPWL"), in violation of D.C. Code § 22-3204(a); and assault with a dangerous weapon (hammer), in violation of D.C. Code § 22-502.[1] A jury trial was held between May 10, 2001 and May 24, 2001. On May 25, 2001, the jury found the petitioner guilty of assault with a dangerous weapon and, on May 31, 2001, the petitioner was convicted of voluntary manslaughter while armed, PFDCV and CPWL. The petitioner was sentenced on July 13, 2001 to fifteen years to life for the manslaughter conviction, five to fifteen years for the PFDCV conviction, one year for the CPWL conviction, and forty months to ten years for the assault with a dangerous weapon conviction, all terms of imprisonment, except the term for CPWL, to run consecutively.

The petitioner filed a timely notice of appeal on August 10, 2001. The defendant was represented by new counsel, Thomas Heslep, on appeal. On July 1, 2003, the petitioner's convictions were affirmed. The Court of Appeals in an unpublished opinion concluded that there was no error in the admission of a 911 call and other crimes evidence and that the trial court did not err in denying the petitioner's motions to suppress statements and evidence. Hewitt v. United States, No. 01-CF-1121 (D.C. July 1, 2003). See Exhibit A. The petitioner, through appellate counsel, filed a petition for rehearing en banc on July 10, 2003 concerning the admission of the 911 call and other crimes evidence as well as the denial of the motion to suppress statements. The petition for rehearing en banc was denied on November 14, 2003. The petitioner filed a petition for a writ of certiorari which was denied on June 7, 2004. Hewitt v. United States, 124 S.Ct. 2831 (2004). On June 30, 2004, the petitioner filed a pro se motion to recall the mandate arguing, among other things, that his trial attorney was constitutionally ineffective, that his

[1]Citations are to the 2000 Edition of the D.C. Code.

sentence for manslaughter was in excess of the statutory maximum, that his indictment was defective because of the citation to D.C. Code § 22-3202, and that his appellate counsel was constitutionally ineffective for failing to argue these errors. See Exhibit B. The petitioner's pro se motion to recall the mandate was denied on August 26, 2004. See Exhibit C.

On June 17, 2005, the petitioner mailed his pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. In his petition, the petitioner raised many of the same arguments that he raised in his pro se motion to recall the mandate: that his indictment was fundamentally flawed because of its citations to D.C. Code § 22-3202, that he could not be convicted of manslaughter while armed because it was not charged in the indictment and is not a lesser included offense of first degree murder while armed, that he was sentenced in excess of the statutory maximum for manslaughter, that his trial counsel was constitutionally ineffective for a variety of reasons, and that his appellate counsel was constitutionally ineffective for not raising these arguments in his direct appeal. For the reasons for set forth below, the petitioner's petition should be dismissed because D.C. Code § 23-110 provides an adequate remedy or in the alternative, the petitioner's petition should be construed as being filed pursuant to 28 U.S.C. § 2254, after providing proper notice to the petitioner.

## ARGUMENT

### I. Petition Should Be Dismissed Because Petitioner Has Failed to Demonstrate That His Local Remedy Is Inadequate or Ineffective

Individuals serving sentences imposed by Superior Court generally may not use 28 U.S.C. §§ 2241 or 2254 to challenge the validity of a conviction or sentence (as distinguished from challenging how a sentence is executed). Instead, these individuals (such as the petitioner) must

pursue any post-conviction relief in Superior Court under D.C. Code § 23-110. See Byrd v. Henderson, 119 F.3d 34, 36-37 (D.C. Cir. 1997) (per curiam) ("Since passage of the Court Reform Act. . . a District of Columbia prisoner seeking to collaterally attack his sentence must do so by motion in the sentencing court–the Superior Court–pursuant to D.C. Code § 23-110."); Garris v. Lindsay, 794 F.2d 722, 725-26 (D.C. Cir.) (per curiam) (same, and noting that a defendant who does not succeed in his or her motion for post-relief may appeal to the District of Columbia Court of Appeals), cert. denied, 479 U.S. 993 (1986).

In fact, to the extent that D.C. Code § 23-110 is available to a District of Columbia defendant as a habeas remedy, it is largely an exclusive remedy. See Blair-Bey v. Quick, 151 F.3d 1036, 1042 (D.C. Cir. 1998) (recognizing this aspect of D.C. Code § 23-110). As stated in D.C. Code Section 23-110(g), neither the Superior Court nor any other court may entertain an application for a writ of habeas corpus if the defendant failed to seek relief or was denied relief under Section 23-110, unless the remedy offered by that statute is inadequate or ineffective.[2] Thus, "a District of Columbia prisoner has no recourse to federal judicial forum unless the local remedy [23-110] is 'inadequate or ineffective to test the legality of his detention.'" Garris, supra, 794 F.2d at 726; Hicks v. Williams, 2005 WL 3560678 at *2 (D.D.C. Dec. 28, 2005); see also Swain v. Pressley, 430 U.S. 372, 377, 381 (1977) (recognizing that Section 23-110 includes an

---

[2]D.C. Code § 23-110(g) provides:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section shall not be entertained by the Superior Court or by any Federal or State court if it appears that the applicant has failed to make a motion for relief under this section or that the Superior Court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

"unequivocal statutory command to federal courts not to entertain an application for habeas corpus after the applicant has been denied collateral relief in the Superior Court, unless it appears that the remedy under 23-110 is inadequate or ineffective).

In the instant case, this Court can only have jurisdiction over the petitioner's petition for a writ of habeas corpus if the petitioner can show that the remedy available under Section 23-110 is inadequate or ineffective. The petitioner cannot make this showing.[3] The fact that the petitioner did not avail himself of this remedy or that his claims may now be procedurally barred as untimely under 23-110 is not dispositive.[4] Instead the relevant question is whether the remedy itself is effective. See Garris, supra, 794 F.2d at 727 (explaining that "[i]t is the inefficacy of the remedy, not a personal inability to utilize it, that is determinative"); see also Byrd, supra, 119 F.3d at 38 (fact that defendant cannot successfully raise claim through Section 23-110 motion does not necessarily render the remedy inadequate or ineffective); Hicks, supra, 2005 WL

---

[3]A remedy is inadequate and ineffective if it denies a defendant "any opportunity for judicial rectification of so fundamental a defect in his conviction as having been imprisoned for a nonexistent offense." In Re Smith, 285 F.3d 6, 8 (D.C. Cir. 2002) (emphasis in original and internal quotation marks and citation omitted); see also Reyes-Requena v. United States, 243 F.3d 893, 904 (5th Cir. 2001) (surveying cases discussing the inadequate or ineffective standard under Section 2255 and holding that Section 2255 is inadequate or ineffective only for claims (1) that are based on "retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense" and (2) that are "foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first 2255 motion"). The petitioner in the instant case does not come close to meeting the requisite standard.

[4]Because the petitioner did not bring his claims pursuant to D.C. Code § 23-110 during the pendency of his direct appeal, these arguments are procedurally barred unless he demonstrates "both cause for his failure to do so and prejudice as a result of his failure." Head v. United States, 489 A.2d 450, 451 (D.C. 1985) (internal citations omitted); see also Vaughn v. United States, 600 A.2d 96, 97 (D.C. 1991); Shepard v. United States, 533 A.2d 1278, 1280 (D.C. 1987).

3560678 at *2 ("A prisoner's lack of success in a collateral attack of his conviction and sentence by means of a motion under D.C. Code § 23-110 does not render this remedy inadequate or ineffective."); Lyons v. Federal Bureau of Prisons, 2005 WL 3211417 at *2 (D.D.C. Nov. 14, 2005) (fact that petitioner was procedurally barred from re-litigating issues raised on direct appeal, issues not raised during pendency of direct appeal, or from filing a successive motion did not render D.C. Code § 23-110 an ineffective or inadequate remedy); Hudson v. United States, 1991 WL 241944 at *3 (D.D.C. Oct. 31, 1991) (petitioner failed to show that § 23-110 was an inadequate or ineffective remedy even for those claims not previously asserted by petitioner in his prior § 23-110 motions); Peoples v. Roach, 669 A.2d 700, 702 (D.C. 1995) (noting that "appellant's inability to bring his latest application for relief as a § 23-110 motion does not render the remedy under § 23-110 'inadequate or ineffective' within the meaning of § 23-110(g), and therefore does not permit the Superior Court or any other court to entertain his petition for a writ of habeas corpus").[5]

Furthermore, the federal courts of appeals consistently have held that 28 U.S.C. § 2255, the model for D.C. Code Section 23-110, is not inadequate or ineffective merely because the petition for a writ of habeas corpus would have been procedurally barred. See, e.g., Poindexter v. Nash, 333 F.3d 372, 378 (2nd Cir. 2003) (articulating this rule), cert. denied, 540 U.S. 1210

---

[5]As to that question (whether Section 23-110 provides an adequate and effective remedy), the Supreme Court and the United States Court of Appeals for the District of Columbia Circuit already have held that Section 23-110 provides an adequate and effective remedy because, inter alia, Superior Court judges are presumptively competent to decide federal constitutional issues, and the scope of the remedy under Section 23-110 is commensurate with habeas corpus (and with 28 U.S.C. § 2255). See Swain, supra, 430 U.S. at 382-84; Garris, supra, 794 F.2d at 726; see also Saleh v. Braxton, 788 F.Supp. 1232, 1232 (D.D.C. 1992) (noting that "[s]ection 23-110 has been found to be adequate and effective because it is coextensive with habeas corpus," and dismissing petition for habeas corpus for lack of jurisdiction).

(2004); Hernandez-Pauturi v. Bureau of Prisons, 221 F.3d 196, 2000 WL 628223 at *1 (D.C. Cir. April 25, 2000) (per curiam) ("The § 2255 remedy is not inadequate or ineffective simply because § 2255 relief has already been denied, or because the petitioner has been denied permission to file a second or successive § 2255 motion, or because the petitioner is procedurally barred from pursuing relief under § 2255."); Charles v. Chandler, 180 F.3d 753, 756 (6th Cir. 1999) (collecting cases).

It is clear that the petitioner's claims attacking the validity of his indictment and sentence and the effectiveness of his trial counsel are the kinds of claims routinely brought pursuant to D.C. Code § 23-110, and therefore there is no question that Section 23-110 provides an adequate and effective remedy for these post-conviction challenges to his conviction and sentence. See, e.g., United States v. Little, 851 A.2d 1280 (D.C. 2004) (affirming court's granting of 23-110 motion alleging ineffective assistance of trial counsel); Pinkney v. United States, 851 A.2d 479 (D.C. 2004) (affirming court's denial of 23-110 motion alleging ineffective assistance of trial counsel); Butler v. United States, 836 A.2d 570 (D.C. 2003) (same); Blair v. United States, 791 A.2d 52 (D.C. 2002) (affirming court's denial of 23-110 motion alleging an illegal sentence based on flawed indictment and ineffective assistance of trial counsel); Wu v. United States, 798 A.2d 1083 (D.C. 2002) (affirming court's denial of 23-110 motion challenging lawfulness of consecutive sentences and alleging ineffective assistance of counsel). Because D.C. Code § 23-110 provides the petitioner with an adequate and effective remedy, this Court lacks jurisdiction to consider the merits of the petitioner's petition for a writ of habeas corpus. See Swain, supra, 430 U.S. at 377, 381 (recognizing that federal courts should not entertain petitions for habeas corpus from defendants serving sentences imposed by Superior Court if Section 23-110 provides an

adequate and effective remedy); Garris, supra, 794 F.2d at 726 (same): see also D.C. Code § 23-110(g) (expressing the same jurisdictional rule).

Likewise, the petitioner's argument that his appellate counsel provided constitutionally ineffective assistance of counsel is also precluded by D.C. Code § 23-110(g). Although the District of Columbia Court of Appeals has construed D.C. Code § 23-110 so as to preclude a Superior Court defendant, such as the petitioner, from challenging the representation of his appellate counsel, the D.C. Court of Appeals has established an alternative method for Superior Court prisoners to challenge the effectiveness of their appellate counsel. See Watson v. United States, 536 A.2d 1056, 1059-61 (D.C.1987) (en banc) (to raise such claims, a defendant must file a motion to recall the mandate in his direct appeal under D.C. Rule of Appellate Procedure 41), cert. denied, 486 U.S. 1010 (1988). The petitioner has failed to demonstrate how this procedure is inadequate or ineffective to test the legality of his conviction. Indeed, the petitioner filed a motion to recall the mandate in which one of his arguments was that his appellate counsel was ineffective. See Exhibit B at p. 16.

The "inadequate or ineffective" clause in Section 23-110(g) applies to "the remedy by motion." D.C. Code § 23-110(g). This language may be sensibly construed to include a "motion" to recall the mandate in the Court of Appeals to address one's claims of ineffectiveness of appellate counsel. Indeed, the standards under which the Court of Appeals evaluates an ineffectiveness of appellate counsel claim are the same standards set forth in Strickland v. Washington, 466 U.S. 668 (1984), that are used by the trial court to assess any other claim of ineffective assistance under Section 23-110. See Watson, supra, 536 A.2d at 1065. Additionally, if the motion's disposition requires the resolution of factual disputes, the motion is remanded to

the trial court to conduct a hearing and make factual determinations, with the Court of Appeals retaining jurisdiction. See id. at 1061. If the defendant is unhappy with the outcome, the defendant may seek review of the appellate court's decision from the full court and/or the Supreme Court. See D.C. App. R. 40(a)(1); D.C. App. R. 35(b); 28 U.S.C. § 1257(b). Thus, the Court of Appeals' procedures under Rule 41 provide a remedy by motion under which the petitioner could challenge the representation of his appellate counsel, and this Court should first analyze the adequacy and effectiveness of the D.C. Court of Appeals' procedures at issue and reach the merits of the petitioner's ineffective assistance of appellate counsel claims only if the Court of Appeals' procedures provide an inadequate or ineffective remedy for a Superior Court prisoner to challenge his appellate counsel's representation.

In this regard, the fact that such review would be conducted by the Court of Appeals rather than the Superior Court does not make the local remedy an inadequate one. See Collier v. United States, 1999 WL 1336229 at *1 (D.C. Cir. Dec. 15, 1999), cert. denied, 529 U.S. 1118 (2000). Rather, as noted above, the Court of Appeals applies the same legal standards to evaluate an ineffective assistance of appellate counsel claim that are used by the trial court to assess any other claim of ineffective assistance under Section 23-110. Indeed, the D.C. Circuit has noted that such claims cannot be brought in federal district court, absent this threshold demonstration of inadequacy or ineffectiveness of the local remedy. See id. (denying defendant a certificate of appealability under 28 U.S.C. § 2253(c)(2), because the defendant did not establish that the procedure of filing a motion to recall the mandate in the D.C. Court of Appeals was an inadequate or ineffective remedy to address the defendant's claim of ineffective assistance of appellate counsel); Byrd, supra, 119 F.3d at 37-38 (defendant's inability to challenge appellate

decision in the trial court did not render defendant's "remedy by motion inadequate or ineffective to test the legality of his detention"). The fact that the petitioner's motion to recall the mandate was denied does not establish the procedure's inadequacy or ineffectiveness, because "[i]t is the inefficacy of the remedy, not a personal inability to utilize it, that is determinative." Garris, supra, 794 F.2d at 727. The petitioner's lack of success of his motion to recall the mandate does not entitle him to a "new appeal" by way of federal habeas. Cf. United States v. Frady, 456 U.S. 152, 165 (1982) ("[W]e have long and consistently affirmed that a collateral challenge may not do service for an appeal.").

Accordingly, the petitioner's federal habeas petition should be dismissed, because the petitioner has failed to demonstrate that his local remedy is inadequate or ineffective.

## II. Petitioner Must Proceed By Way of 28 U.S.C. § 2254

If the Court concludes that the petitioner's petition is not barred by D.C. Code § 23-110(g), the petitioner's 2241 habeas petition should be characterized as a petition filed pursuant to 28 U.S. § 2254. It is well settled that the caption of a pleading is not determinative of the nature of the relief sought. Thus, the federal circuit courts of appeal have uniformly held that pleadings which are the functional equivalent of a Section 2254 motion must be treated as such, regardless of the caption of the pleading. See, e.g., Brennan v. Wall, 100 Fed.Appx. 4, 5 (1st Cir.) (treating motion filed under 28 U.S.C. § 1651 as § 2254 motion), cert. denied, 543 U.S. 908 (2004); Byrd v. Bagley, 37 Fed.Appx. 94, 95 (6th Cir. 2002) ("regardless of the label on the statutory underpinning for the petition, habeas petitions of state prisoners are governed by 28 U.S.C. § 2255"); Burris v. Parke, 130 F.3d 782, 783 (7th Cir.) (treating a motion to recall the mandate as § 2254 motion), cert. denied, 522 U.S. 990 (1997); Greenawalt v. Stewart, 105 F.3d

1287, 1287 (9th Cir. 1997) (per curiam) (treating § 2241 habeas petition as § 2254 motion), cert. denied, 519 U.S. 1103 (1997).

State prisoners, such as the petitioner, in custody generally have two potential federal habeas vehicles by which to press constitutional claims: (1) a petition pursuant to 28 U.S.C. § 2241; or (2) a petition pursuant to 28 U.S.C. § 2254. Section 2241 broadly confers jurisdiction on district courts to issue writs of habeas corpus in response to a petition from a state or federal prisoner who is "in custody in violation of the Constitution or law or treaties of the United States." 28 U.S.C. §§ 2241(a), 2241(c)(3). Section 2254 more specifically confers jurisdiction on district courts to issue a "writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court . . . on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). For purposes of federal habeas law, the petitioner is a "State" prisoner, and a Section 2254 petition is available to challenge his continued custody. Indeed, we submit that the more specific Section 2254 statutory remedy is the exclusive means by which a D.C. prisoner might collaterally challenge his conviction and sentence in a federal court, since permitting such a prisoner to otherwise pursue a Section 2241 remedy would allow him to avoid the requirements of Section 2254(b) and (c) "by the simple expedient of putting a different label on [his] pleadings." Preiser v. Rodriguez, 411 U.S. 475, 489-90 (1973).

The petitioner in the instant case is not a "federal" prisoner. Rather, it is undisputed that the petitioner was convicted in Superior Court for the District of Columbia. The D.C. Circuit's decision in Garris, supra, supports the conclusion that the petitioner's convictions in the D.C. court system are properly considered state court convictions under federal habeas law.

In Garris, the D.C. Circuit considered whether a D.C. prisoner who had been convicted in the D.C. Superior Court of the local D.C. offense of murder was entitled to a certificate of probable cause to appeal a denial of his habeas corpus petition in the federal district court.[6] A certificate of probable cause, pursuant to 28 U.S.C. § 2253, was required from an appeal "from the final order in a habeas corpus proceeding where the detention complained of arises out of process issued by a State court." 794 F.2d at 724. As the Garris court summed up the requirement: "A certificate of probable cause is a jurisdictional prerequisite to an appeal by a state prisoner from the denial of a habeas corpus petition." Id. at 724 n.8 (emphasis added).

In holding that the D.C. prisoner was required to obtain such a certificate, the Garris court flatly declared that "District of Columbia prisoners are 'state' prisoners for purposes of this requirement." Id. In support of this holding, the Garris court cited, inter alia, the Supreme Court's conclusion that, in creating the local court system pursuant to the 1970 Court Reform and Criminal Procedure Act ("Court Reform Act"), the United States Congress "created 'a system of courts analogous to those found in the States.'" Id. (citing Swain, supra, 430 U.S. at 375 n. 4).[7]

---

[6]In Garris, the petitioner filed a motion pursuant to Section 2241 in U.S. District Court after his direct appeals in the local system had ended unsuccessfully. The U.S. District Court Judge sua sponte dismissed the petition on the authority of Swain v. Pressley, 430 U.S. 372 (1977). 794 F.2d at 723 & n. 5. The petitioner then appealed to the D.C. Circuit.

[7]The D.C. Circuit (as well as the Supreme Court) has repeatedly recognized that the "overriding purpose" of the Court Reform Act was to "put the District's judicial system on a par with those of the states." United States v. Thompson, 452 F.2d 1333, 1342 (D.C. Cir. 1971), cert. denied, 405 U.S. 998 (1972); see also Pernell v. Southall Realty, 416 U.S. 363, 367 (1974) ("One of the primary purposes of the Court Reform Act was to restructure the District's court system so that the District will have a court system comparable to those of the states and other large municipalities.") (internal quotation marks and citation omitted); Maddox v. Elzie, 238 F.3d 437, 440 (D.C.Cir.) ("establishment of a State-type court system for the District of Columbia"), cert. denied, 534 U.S. 836 (2001); United States v. Mills, 964 F.2d 1186, 1191 n. 8 (D.C. Cir.) (en banc) (1970 Court Reform Act's goal was to "establish[] an entirely new court system with

The D.C. Circuit's Garris holding thus stands for the proposition that, absent an express congressional directive to the contrary, the District of Columbia local courts are to be considered "State courts" and, thus, the petitioner's convictions would be considered State court convictions under federal habeas law. See Madley v. U.S. Parole Comm'n., 278 F.3d 1306, 1309 (D.C. Cir.) ("a court of the District is a state court for the purposes of section 2253(c)"), cert. denied, 537 U.S. 1004 (2002); Milhouse v. Levi, 548 F.2d 357, 360 n. 6 (D.C. Cir. 1976) ("[T]his Court has treated local courts as 'state' courts for the purposes of exhaustion and federal habeas corpus jurisdiction."); Banks v. Smith, 377 F.Supp.2d 92, 94 (D.D.C. 2005) ("when considering a writ of habeas corpus a prisoner of the District of Columbia is considered a State prisoner, when the prisoner is held under a conviction of the D.C. Superior Court").[8]

Because the petitioner is deemed to be a "state" prisoner, the petitioner's collateral attack on his state convictions is properly deemed a Section 2254 action, not a Section 2241 action. Though both statutes generally authorize the petitioner's attack on the legality of his continued state custody, permitting the petitioner to proceed via the more general Section 2241 petition

---

functions essentially similar to those of the local courts found in the 50 States of the Union with responsibility for trying and deciding those distinctively local controversies that arise under local law, including local criminal laws having little, if any, impact beyond the local jurisdiction'") (quoting Palmore v. United States, 411 U.S. 389, 409 (1973)), cert. denied, 506 U.S. 977 (1992).

[8]In making this argument, we are aware that Section 2254 while expressly referencing "court of the State" does not similarly reference "courts of the District of Columbia." However, this omission is not determinative of the issue. As the D.C. Circuit acknowledged in Maddox v. Elzie, "§ 2254 was enacted before the District of Columbia had an independent court system equivalent to a State system and at a time when most criminal prosecutions for violation of District of Columbia law had to be filed in the federal courts." 238 F.3d at 441. Thus, in codifying the extant habeas corpus practice of the federal courts via enactment of Section 2254 in 1948, Congress would not have had any need to expressly define District of Columbia prisoners as equivalent to State prisoners. That all changed, however, with the passage of the Court Reform Act.

would allow the petitioner to execute an end run around the requirements of Sections 2254(b) and (c).

In Felker v. Turpin, 518 U.S. 651 (1996), the Supreme Court considered the effect that Title I of the Antiterrorism and Effective Death Penalty Act of 1996 had on the Court's own original jurisdiction to hear habeas petitions. 518 U.S. at 662 (Title 1 "impos[es] new requirements for the granting of relief to state prisoners."). In considering this question, the Felker court broadly announced that a federal court's "authority to grant habeas relief to state prisoners is limited to § 2254, which specifies the conditions under which such relief may be granted to a person in custody pursuant to the judgment of a State court." Id. (internal quotations marks and citations omitted).

Thus, courts have held, the broad applicability of Section 2254 and the Supreme Court's decision in "Felker lead [] to the conclusion that when a prisoner begins in the district court, § 2254 and all associated statutory requirements apply no matter what statutory label the prisoner has given the case." (Jimmy) Walker v. O'Brien, 216 F.3d 626, 633 (7th Cir.), cert. denied, 531 U.S. 1029 (2000). "Roughly speaking, this makes § 2254 the exclusive vehicle for prisoners in custody pursuant to a state court judgment who wish to challenge anything affecting that custody, because it makes clear that bringing an action under § 2241 will not permit the prisoner to evade the requirements of § 2254." Id. (emphasis added); see also Crouch v. Norris, 251 F.3d 720, 723 (8th Cir. 2001) ("Not only is § 2254 an appropriate vehicle for Crouch's proposed claims, it is, as a practical matter, the only vehicle. This is because Crouch is a 'person in custody pursuant to the judgment of a State court,' 28 U.S.C. § 2254(a), and can only obtain habeas relief through § 2254, no matter how his pleadings are styled."); Banks, supra, 377 F.Supp.2d at 95 ("A court's

'authority to grant habeas relief to state prisoners is limited by § 2254, which specifies the conditions under which relief may be granted to 'a person in custody pursuant to the judgment of a State court.'"). Accordingly, "as long as the person is in custody pursuant to the judgment of a state court, and not in state custody for some other reason, such as pre-conviction custody, custody awaiting extradition, or other forms of custody that are possible without a conviction," a state prisoner (such as the petitioner) is restricted to the use of a Section 2254 application. (Jimmy) Walker, supra, 216 F.3d at 633 (emphasis in original); see also Brennan, supra, 100 Fed.Appx. at 4 ("state prisoner in custody pursuant to the judgment of a state court may file a habeas corpus petition, as authorized by § 2241, but he is limited by § 2254); Evans v. Ray, 390 F.3d 1247, 1249-50 (10th Cir. 2004) ("Although Petitioner claims to bring this action under both 28 U.S.C. § 2241 and § 2254, we construe his petition as one under § 2254 because he is challenging the fact of his conviction rather than the execution of his sentence."); Sol v. I.N.S. 274 F.3d 648, 650 n. 4 (2nd Cir. 2001) (concluding that the district court properly treated petitioner's habeas petition as filed under Section 2241, because petitioner's "challenge was to the deportation proceedings initiated as a result of his state conviction, not the constitutionality of that underlying conviction"), cert. denied, 536 U.S. 941 (2002).

While the D.C. Circuit has not expressly resolved this issue, it has strongly suggested that a Superior Court prisoner must use the habeas procedures set forth for state prisoners in Section 2254. See Madley, supra, 278 F.3d at 1308-09 (noting that a Superior Court prisoner must obtain a certificate of appealability ("COA") if he intends to appeal the denial of his habeas petition, and that Superior Court is a "state court" for purposes of the COA requirement). Thus, this Court should construe the petitioner's petition as one brought under Section 2254.

## III. Petitioner Should Be Given An Opportunity To Respond To Re-Characterization Under Section 2254

Before the Court may characterize the petitioner's petition as a § 2254 petition, the court must inform the petitioner of its intent to characterize the petition under § 2254, warn the petitioner that the recharacterization will subject subsequent § 2254 petitions to the law's 'second or successive' restrictions, and provide the petitioner with an opportunity to withdraw, or to amend, the filing. See, e.g. Davis v. Roberts, 425 F.3d 830, 835 (10th Cir. 2005); Martin v. Overton, 391 F.3d 710, 713 (6th Cir. 2004); Cook v. New York State Division of Parole, 321 F.3d 274, 281-82 (2nd Cir. 2003); Mason v. Meyers, 208 F.3d 414, 418-19 (3rd Cir. 2000); cf. Castro v. United States, 124 S.Ct. 786, 788 (2003) (applying this procedure to re-characterizations of motions to petitions filed under 28 U.S.C. § 2255); United States v. Palmer, 296 F. 3d 1135, 1146 (D.C. Cir. 2002) (the district court "may recharacterize a post-conviction motion made under another rule of law as a § 2255 only if it first ensures that the movant is fully informed of § 2255's restriction on second or successive 2255 motions as well as other procedural hurdles implicated by re-characterization and the court offers the movant an opportunity to withdraw his motion."). Thus, the petitioner should be given the following warnings concerning the consequences that may result from the characterization of his petition as a §2254 petition, and give him an opportunity to withdraw his petition if he wishes to avoid these consequences.

First, 28 U.S.C. § 2254 requires that all claims attacking a conviction or sentence be brought in a single motion. A second or successive § 2254 motion must be certified by the U.S. Court of Appeals for the District of Columbia. 28 U.S.C. § 2244(b)(3)(A). The Court of Appeals will not authorize a second or successive § 2254 motion unless it contains: (1) a new

rule of constitutional law that the Supreme Court makes applicable to cases on collateral review that was previously unavailable; or (2) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence and the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable fact finder would have found the applicant guilty of the underlying offense. 28 U.S.C. § 2244(b)(2).

Second, the petitioner should be advised that § 2254 petitions are subject to a one-year period of limitation. 28 U.S.C. § 2244(d)(1). The one year period of limitation requires a court to dismiss a § 2254 motion unless it is filed within one year of the latest of the following dates: (1) the date on which the judgment of conviction became final; (2) the date upon which the impediment to making a motion created by governmental action in violation of the Constitution of the laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Finally, if the petitioner's petition is characterized as a § 2254 petition, he must be given the opportunity withdraw the instant motion before it is so characterized.[9] Additionally, the

---

[9] While the Court is not required to notify the petitioner that the one year period of limitation has been exceeded, the government would note that should the petitioner withdraw his petition, any subsequent petition would, at this point, be time barred. See Pliler v. Ford, 542 U.S. 225, 231 (2004) (court not required to warn petitioner that if petition was withdrawn, a

petitioner should be warned that any motion attacking the legality of his conviction or sentence will be subject to the restrictions of § 2254.

**CONCLUSION**

WHEREFORE, it is respectfully requested for the above-stated reasons that the petitioner's petition be summarily dismissed because the petitioner has an adequate and effective remedy in the District of Columbia Superior Court. In the alternative, the petitioner's petition should be characterized as a § 2254 petition, and he should be allowed to either withdraw the instant petition or agree to let his petition be characterized as a § 2254 motion within 60 days of the date this court orders the petitioner to make such a choice. If the petitioner allows his petition to be characterized as a § 2254 petition, the government requests that it be given 60 days from the date the petitioner makes his decision in which to file its response.[10]

A proposed order is attached.

---

subsequent petition may be time barred).

[10]The government notes that, if the Court ultimately re-characterizes the petition under 28 U.S.C. § 2254, the petitioner's petition should be denied because the petitioner has not met the requirements of Section 2254(d). The D.C. Court of Appeals' decision denying the petitioner's motion to recall the mandate was not contrary to any decision reached by the Supreme Court on the same issue, nor was it objectively unreasonable. Moreover, the petitioner's argument that his indictment was defective for its citation to D.C. Code § 22-3202 has been conclusively rejected by the D.C. Court of Appeals. See Blair v. United States, 791 A.2d 52 (D.C. 2002); Hager v. United States, 791 A.2d 911, 915 (D.C. 2002), cert. denied, 543 U.S. 846 (2004). Thus, counsel can not be constitutionally ineffective for failing to pursue this argument.

However, if the Court decides that D.C. Code § 23-110 is not an adequate and effective remedy and that the petition should be re-characterized as one pursuant to 28 U.S.C. § 2254, the government requests an opportunity to further address the merits of the petitioner's claims at that time.

Respectfully submitted,

KENNETH L. WAINSTEIN
United States Attorney
D.C. Bar Number 451-058

_____/s/_____________________
ROBERT D. OKUN
Assistant United States Attorney
Chief, Special Proceedings Section
D.C. Bar Number 457-078

____/s/ _____________________
SHERRI L. BERTHRONG
Assistant United States Attorney
Special Proceedings Section
D.C. Bar No. 249-136
Sherri.Berthrong@usdoj.gov
555 4th Street, N.W., Room 10-450
Washington, D.C. 20530
(202) 514-6948

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the United States' Motion has been electronically filed with the Court and has been served by mail upon the petitioner, Patrick Hewitt, Fed. Reg. No. 03734-007, USP Lewisburg, P.O. Box 1000, Lewisburg, PA 17837, this 21st day of February, 2006.

_____/s/____________________
Sherri L. Berthrong
Assistant United States Attorney