UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| PATRICK HEWITT, | ) | |
| Petitioner, | ) | |
| v. | ) | Civil Action No. 05-1861 (RWR) |
| JOSEPH SMITH, | ) | |
| Respondent. | ) | |

### MEMORANDUM OPINION

Petitioner, an inmate at the United States Penitentiary in Lewisburg, Pennsylvania, filed a *pro se* petition for a writ of habeas corpus challenging his conviction in the Superior Court of the District of Columbia.[1]  Respondent has filed a motion to dismiss the petition asserting in part that the court lacks subject matter jurisdiction.

Because respondent's motion could potentially dispose of this case, the petitioner was advised of his obligations under the Federal Rules of Civil Procedure and the rules of this Court. *See Neal v. Kelly*, 963 F.2d 453, 456 (D.C. Cir. 1992); *Fox v. Strickland*, 837 F.2d 507 (D.C. Cir. 1988); *see also* Fed. R. Civ. P. 6(e); Local Civil Rule 7(b).  Petitioner was further informed that respondent's motion could be treated as conceded or considered on the merits if it were not opposed by May 24, 2006, and that failure to respond to the respondent's motion carried with it the risk that the case would be dismissed.

---

[1] Petitioner originally filed his habeas petition in the United States District Court for the Middle District of Pennsylvania.  That Court ordered the case transferred to this jurisdiction.

1

Petitioner has not filed a response to respondent's motion to dismiss. This case is subject to dismissal on that basis alone. The petition also fails on the merits. Respondent's motion will be granted.

## BACKGROUND

In May, 2001, in the Superior Court of the District of Columbia, plaintiff was convicted of voluntary manslaughter while armed, carrying a pistol without a license, possession of a firearm during a crime of violence and assault with a dangerous weapon. Resp. Mot. to Dismiss, Ex. A.[2] Petitioner was sentenced to 15 years to life. Petition For Writ of Habeas Corpus, p. 2. On direct appeal, petitioner contended that the trial judged erred in admitting into evidence a 911 call recording and other crimes evidence, and in failing to suppress his statements and evidence found during a search of petitioner's apartment. Resp. Mot. to Dismiss, Ex. A. Petitioner's convictions were affirmed by the District of Columbia Court of Appeals on July 1, 2003. Resp. Mot. to Dismiss, Ex. A. The Supreme Court denied his petition for a writ of certiorari. *See Hewitt v. United States*, 541 U.S. 1092 (2004).

On June 30, 2004, petitioner, proceeding *pro se*, filed a motion to recall the mandate in the District of Columbia Court of Appeals. Resp. Mot. to Dismiss, Ex. B. In the motion, petitioner raised the following grounds for relief: (1) the imposition of enhancements to his sentence violated the Sixth Amendment; (2) his trial and appellate counsel provided ineffective assistance; (3) the admission of his statements violated *Miranda v. Arizona*; (4) his prior history of domestic violence prejudiced the police against him; (5) the evidence was insufficient to

---

[2] In ruling on a motion for dismissal based on lack of subject matter jurisdiction, matters outside the pleadings may be considered. *Mills v. Billington*, 2006 WL 1371683, at *2 n. 2 (D.D.C. May 16, 2006).

support his convictions; and (6) prosecutorial misconduct occurred. *Id.*, pp. 15-18. Petitioner's motion was denied on August 26, 2004. *Id., Ex. C.*

The present petition raises the same grounds as those in petitioner's motion to recall the mandate. Petitioner also contends that the District of Columbia Court of Appeals applied an incorrect legal standard in determining whether he received effective assistance of counsel. Petition, p. 2. According to petitioner, he did not file a motion for post-conviction relief in the Superior Court because the applicable statute, D.C. Code § 23-110, provides no basis for reviewing the appellate process. *Id.*, p. 6.

## DISCUSSION

Section 110 of Title 23 of the District of Columbia Code provides a procedure for persons convicted and sentenced in the Superior Court to challenge their convictions by motion. Under Section 23-110(g), an

> application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section shall not be entertained by . . . any Federal . . . court if it appears that the applicant has failed to make a motion for relief under this section . . ., unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

Similar to the remedy provided by 28 U.S.C. § 2255 for federal prisoners, the motion to vacate a sentence under Section 23-110 has been held adequate and effective because it is coextensive with habeas corpus. *Swain v. Pressley*, 430 U.S. 372, 382-83 (1977); *Saleh v. Braxton*, 788 F. Supp. 1232 (D.D.C. 1992). Federal courts do not have jurisdiction to hear habeas petitions by prisoners who had a section 23-110 remedy available to them unless the petitioner can show that

the remedy was inadequate or ineffective. *Blair-Bey v. Quick*, 151 F.3d 1036, 1042 (D.C. Cir. 1998).

A habeas remedy is "inadequate or ineffective" when it is "so configured as to deny a convicted defendant *any* opportunity for judicial rectification of so fundamental a defect in his conviction as having been imprisoned for a nonexistent offense." *In re Smith*, 285 F.3d 6, 8 (D.C. Cir. 2002)(*quoting In re Davenport*, 147 F.3d 605, 611 (7th Cir. 1998))(emphasis in original). The fact that a petitioner may be barred from filing a successive petition, from re-litigating issues raised on direct appeal, or procedurally barred from pursuing relief on issues not raised on direct appeal, does not render his post-conviction remedy inadequate or ineffective. *See Hernandez-Pauturi v. Bureau of Prisons*, 221 F.3d 196, 2002 WL 628223 (D.C. Cir. April 25, 2000)(*per curiam*); *Garris v. Lindsay*, 794 F.2d 722, 726 (D.C. Cir.), *cert. denied*, 479 U.S. 993 (1986).

With the exception of the effective assistance of appellate counsel issue, petitioner could have filed a motion for relief on his remaining claims in the Superior Court, but did not do so. While the Superior Court lacked authority to determine the effectiveness of petitioner's appellate counsel, *see Watson v. United States*, 536 A.2d 1056, 1060 (D.C. 1987) (en banc) (noting that trial judges may not review appellate proceedings under Section 23-110 as "the Superior Court should not have authority to rule on the constitutionality of an appellate proceeding"), *cert. denied*, 486 U.S. 1010 (1988), this fact does not establish that the District of Columbia post-conviction remedy is inadequate. An alternative remedy is available to petitioner. In the District of Columbia, challenges to the effectiveness of appellate counsel can be raised, as petitioner did here, through a motion to recall the Court of Appeals' mandate. *Mayfield v. United*

*States*, 659 A.2d 1249, 1251-53 (D.C. 1995), *cert. denied*, 518 U.S. 1026 (1996); *Watson*, 536 A.2d at 1060; *see also* D.C. App. R. 41(c).

Other than the fact that his motion to recall the mandate has been unsuccessful, petitioner has not established that he has been deprived of an adequate or effective habeas remedy. Denial of a post-conviction motion does not render the remedy either inadequate or ineffective. *Garris*, 794 F.2d at 727. Even if a petitioner does not prevail on a motion to recall the mandate, the availability of such a course precludes the finding of inadequacy or ineffectiveness required to maintain jurisdiction in this Court. *Collier v. United States*, 1999 WL 1336229, at *1 (D.C. Cir. 1999) (per curiam), *cert. denied*, 529 U.S. 1118 (2000); *Reyes v. Rios*, 2006 WL 1409123, at *3 (D.D.C. May 23, 2006). Because the petitioner had an adequate habeas remedy in the District of Columbia courts, there is no subject matter jurisdiction over his petition for habeas corpus relief.

## CONCLUSION

For the foregoing reasons, the respondent's motion to dismiss will be granted and the petition for a writ of habeas corpus will be denied.

_____/s/_____
RICHARD W. ROBERTS
United States District Judge

DATE: 6-16-06